**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Airman First Class RICHARD BRAGASSA**
**United States Air Force**

**ACM 38604**

**14 October 2015**

Sentence adjudged 24 March 2014 by GCM convened at Eielson Air Force Base, Alaska. Military Judge: Christopher M. Schumann (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 18 months, and reduction E-1.

Appellate Counsel for the Appellant: Major Thomas A. Smith.

Appellate Counsel for the United States: Major Roberto Ramirez and Gerald R. Bruce, Esquire.

Before

TELLER, HECKER, and BENNETT
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

BENNETT, Judge:

At a general court-martial composed of a military judge sitting alone, Appellant was found guilty, in accordance with his pleas, of two specifications of violating Article 92, UCMJ, 10 U.S.C. § 892;[1] eight specifications of violating Article 112a, UCMJ, 10

---

[1] Appellant was charged with violating a lawful general regulation, to wit: Air Force Instruction (AFI) 44-121, *Alcohol and Drug Abuse Prevention and Treatment (ADAPT) Program*, ¶ 3.2.3 (11 April 2011). One specification was for wrongfully consuming over-the-counter cough and cold medicine and the other was for wrongfully using the synthetic cannabinoid commonly referred to as "spice."

U.S.C. § 912a,[2] and one specification of violating Article 121, UCMJ, 10 U.S.C. § 921.[3] Appellant was sentenced to a bad-conduct discharge, confinement for 20 months, and reduction to E-1. Pursuant to a pretrial agreement, the convening authority approved only as much of the sentence as provided for a bad-conduct discharge, confinement for 18 months, and reduction to E-1.

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), Appellant contends that his sentence is inappropriately severe. We disagree.

*Background*

The charges in this case stem from Appellant's extensive involvement with drugs, most of which occurred during a two-month period in 2013. Appellant purchased 23 grams of marijuana from a civilian drug dealer and sold them to another Airman, who happened to be working as a confidential informant with military investigators. Appellant also purchased 100 capsules of methylone from a friend in Florida, and had them shipped to a post office near base. He brought them onto base where he sold them to the confidential informant. He also stole ten clonazepam (Klonopin) pills and eleven amphetamine (Adderall) pills from his girlfriend, and sold them to the confidential informant. Around the same time, he sold ten hydrocodone (Vicodin) pills to another confidential informant.

Appellant wrongfully used his girlfriend's clonazepam (Klonopin) and amphetamine (Adderall) on one occasion. He also wrongfully used the synthetic cannabinoid commonly referred to as "spice" in his dormitory room and, on divers occasions, misused over-the-counter cough and cold medicine by taking more than the recommended medical dosage.

*Analysis*

Appellant argues his sentence is inappropriately severe based on his difficult upbringing, his struggles adjusting to military life and the fact that he did not distribute or introduce drugs until asked to do so by confidential informants working with military investigators. He asks that his sentence to confinement be reduced to six months.

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty and the

---

[2] Appellant was charged with separate specifications for each of the following: wrongful distribution of marijuana, hydrocodone (Vicodin), methylone, amphetamine (Adderall), and clonazepam (Klonopin); wrongful use of Adderall and Klonopin; and wrongful introduction of methylone onto Eielson Air Force Base, Alaska, with the intent to distribute it.

[3] Appellant was charged with stealing amphetamine (Adderall) and clonazepam (Klonopin).

sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (citing *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982)). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

We have given individualized consideration to this particular appellant, the nature and seriousness of his offenses, Appellant's record of service, and all other matters contained in the record of trial. We find the approved sentence was clearly within the discretion of the convening authority, was appropriate in this case, and was not inappropriately severe.

## *Conclusion*

The approved findings and the sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and the sentence are AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM 38604